IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HARRY MARTELL-RODRÍGUEZ<br><br>**Plaintiff**<br><br>v.<br><br>ERIK ROLÓN-SUÁREZ, ET AL.<br><br>**Defendants** | **CIVIL NO.** 19-1349(RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is the Commonwealth of Puerto Rico's unopposed *Motion to Dismiss*. (Docket No. 12). The motion was filed on behalf of codefendants Erik Rolón-Suárez, Wanda Vázquez-Garced and Alejandro Colón-López ("Defendants"). Id. For reasons set below, the Court **GRANTS** the *Motion to Dismiss*.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 30, 1994, plaintiff Harry Martell-Rodríguez ("Plaintiff" or "Martell-Rodríguez") was found guilty of committing murder in the first degree, violations to the Puerto Rico Weapons Act and attempted murder. (Docket No. 12 at 1). He was sentenced to ninety-nine (99) years in prison pursuant to the Criminal Code of 1974 and under the Organic Act of Administration of Corrections, Act No. 116 of June 22, 1974, as amended. Id.

On April 25, 2014, Plaintiff filed an Administrative Claim before the Department of Corrections and Rehabilitation ("DCR") requesting application of a bonification to his sentence. Id. at 2.[1] Per Puerto Rico law, the DCR issued a Resolution decreeing Martell-Rodríguez would be credited accrued bonuses *after* he served twenty-five (25) years of his sentence. Id. Plaintiff then filed a Judicial Review before the Puerto Rico Court of Appeals ("Court of Appeals"), Case No. KLRA201500145. Id. The Court of Appeals ruled that Plaintiff could receive the bonuses before extinguishing twenty-five (25) years of his sentence per Article 12 of Act No. 2-2011. Id. The DCR complied with the Court's Order and credited Plaintiff with 1,139 days off of his sentence. Id.

Plaintiff then filed several petitions for administrative reviews before the Court of Appeals on the same issue of bonuses for time he spent studying and working after July 2015. Id. The Court of Appeals held that the DCR had applied all the corresponding bonuses. (Docket Nos. 12 at 2-3; 12-1 at 2, certified translation of Court of Appeals' Judgment in Case KLRA 201700131 at Docket No. 17-1 at 3). It further held that the DCR did not err by failing to apply bonuses after July 2015 given that Plaintiff failed to provide evidence that he participated in the work-study program during that time. Id.

---

[1] Most of the background information has been taken from the "Introduction" in the *Motion to Dismiss*. (Docket No. 12 at 1).

Plaintiff then filed a *Mandamus* before the Puerto Rico Court of First Instance ("Court of First Instance") and a hearing was held on June 7, 2018. (Docket Nos. 3 at 2; 12 at 3).[2] On October 30, 2018, Plaintiff's case was dismissed because he failed to prove that he participated in a work-study program after July 2015. (Docket Nos. 12 at 3; 12-2 at 2, certified translation of Court of First Instance's Judgment in Case J PE2015-0588 at Docket No. 17-2 at 3). In essence, the Court of First Instance determined that: (1) the *res judicata* doctrine was applicable since Plaintiff's claim was already ruled upon by the Court of Appeals; (2) Plaintiff failed to prove his participation in the work-study program which would have accrued as additional bonus time off his sentence; and (3) the DCR complied with the Court of Appeals' order and performed its ministerial duty by crediting Plaintiff with the time he was owed. Id.

On April 16, 2019, Plaintiff filed a *pro se Complaint* under 42 U.S.C. § 1983 ("§ 1983") against Defendants. (Docket No. 3). Plaintiff is currently an inmate in Bayamón, Puerto Rico at Institución Anexo – 1072 Bayamón Carretera #50 – Unit 1075 Edificio -5-C #206 Industrial Luchetti. Id. at 5. In his *Complaint*, Plaintiff avers he is owed bonifications to reduce his ninety-nine (99) year sentence for murder in the first degree for time he

---

[2] The Court observes that Plaintiff's *Complaint* states that he filed the *Mandamus* on September 24, 2015, whereas Defendants' *Answer* to the *Complaint* notes that Plaintiff filed it on September 14, 2015. (Docket Nos. 3 at 2; 14 at 2).

worked and studied. Id. at 6. He claims that the DCR is discriminating against him by not applying them. Id. at 5. Lastly, Martell-Rodriguez requests that the Court consider the cases of Wilfredo Sanchez Rodríguez, KLRA 201000461, Modesto Crisoptimo Cuadrado, KLRA 201400912, and his own case, KLRA 201500145, where the bonifications were applied to inmates' sentences. Id. at 6.

In their answer to the *Complaint*, Defendants stated that Plaintiff's request for relief should be denied because the DCR already credited Plaintiff with all applicable bonuses. (Docket No. 14 at 5). Further, the unopposed *Motion to Dismiss* posits that dismissal under Rule 12(b)(6) is proper because Plaintiff's *Complaint*, which arises under a § 1983 claim, is really a 28 U.S.C. § 2245 ("§ 2254") habeas corpus petition since Plaintiff is solely seeking a reduction in his sentence, a claim which should have been brought under § 2245. (Docket No. 12 at 9).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Ruling upon such a motion requires determining if "*all* the facts alleged [in the complaint], when viewed in the light most favorable to the plaintiffs, render the plaintiff's entitlement to relief

plausible." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 14 (1st Cir. 2011). Hence, dismissal is proper only when these alleged facts "taken as true, do not warrant recovery." Menendez v. Comm'r of Soc. Sec., 2020 WL 5075991, at *2 (D.P.R. 2020) (citation omitted). This requires treating non-conclusory factual allegations as true. *See* Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013). Yet, this is unsuitable for legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Borras-Borrero v. Corporacion del Fondo del Seguro del Estado, 2020 WL 2097553, at *4 (1st Cir. 2020) (quotation omitted).

The District of Puerto Rico has repeatedly dismissed suits brought under 42 U.S.C. § 1983 by inmates who should have filed § 2245 habeas petitions. *See* Contreras v. Commonwealth of Puerto Rico, 2019 WL 137120, at *1 (D.P.R. 2019) (dismissing a § 1983 complaint, even when viewed as a habeas petition, for failure to exhaust state court remedies); *see also* Cruz-Gonzalez v. Negron-Fernandez, 2015 WL 1470582, at *6 (D.P.R. 2015) (dismissing § 1983 complaint because it was a disguised § 2254 request for habeas relief); Rivera-Ortiz v. Puerto Rico, 2010 WL 1542188, at *3 (D.P.R. 2010) (dismissing complaint because prisoner could not challenge the duration of his confinement under § 1983).

### III. DISCUSSION

Section 1983 does not create substantive rights. *See* 42 U.S.C.A. § 1983. Instead, it is "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 145, (1979). To prevail in a § 1983 claim, a plaintiff "must allege facts sufficient to support a determination (i) that the conduct complained of has been committed under color of state law, **and** (ii) that [it] worked a denial of rights secured by the Constitution or laws of the United States." Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005) (quotation omitted) (emphasis added).

However, the United States Supreme Court has held that "a prisoner in state custody **cannot use a § 1983 action to challenge the fact or duration of his confinement**. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quotation and quotation marks omitted) (emphasis added). Further, even though § 1983 and § 2254, the federal statute which governs habeas corpus relief, overlap as they are both "paths under federal law for redress of complaints related to state imprisonment [,]" the two sections "are not interchangeable." Gonzalez-Fuentes v. Molina, 607 F.3d 864, 872 (1st Cir. 2010). A § 1983 claim **must yield** to a § 2254 when the relief being sought is related to the

duration of the inmate's confinement. *See* Cruz-Gonzalez, 2015 WL 1470582, at *4. Moreover, considering that the Supreme Court has stated that "it would 'wholly frustrate explicit congressional intent' to allow plaintiffs to circumvent the federal habeas statute's narrow prerequisites simply by invoking § 1983." Id. at 873 (quoting Preiser v. Rodriguez, 411 U.S. 475 (1973)); *see also* Francis v. Maloney, 798 F.3d 33, 36 n.1 (1st Cir. 2015).

Prisoners in state custody who "collaterally challenge their confinement in a federal habeas proceeding are required to comply with the 'independent and adequate state ground doctrine.'" Perez-Arocho v. Wanders, 2014 WL 859091, at *2 (D.P.R. 2014) (citing Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. 2009)). Under this doctrine, a prisoner must exhaust state judicial remedies either by direct appeal or through collateral proceedings. *See* Maldonado Pagan v. Administracion de Correccion, 2018 WL 4156610, at *2 (D.P.R. 2018). This means that "[t]he highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court." Id. If the petitioner cannot prove he exhausted all available judicial remedies, they must show that they are excused from exhausting them because there is an absence in available or effective state processes. *See* Molina-Nadal v. Commonwealth of Puerto Rico, 2018 WL 5733673, at *2 (D.P.R. 2018) (citing 28 U.S.C. 2254(b)(1)(B)). In either scenario, the petitioner carries the burden of showing

exhaustion or that they are excused from the same. Lastly, to satisfy the exhaustion requirement, barring the existence of any excuse, an inmate requesting a federal habeas review **needs** to file their claims in the state supreme court even when its review is discretionary. *See* Maldonado Pagan, 2018 WL 4156610, at *2 (citing O'Sullivan v. Boerckel*,* 526 U.S. 838 (1999)).

To exhaust remedies in Puerto Rico, a petitioner must file "a motion requesting that the trial court vacate, set aside, or correct the judgment pursuant to Rule 192.1" or "file a petition requesting a writ of *habeas corpus* pursuant to section 1741 of the Puerto Rico Code of Criminal Procedure ("Section 1741")." Molina-Nadal, 2018 WL 5733673, at *2) (citing P.R. Laws Ann. tit. 34, § 1741-43). Exhaustion is only satisfied after the motion under Rule 192.1 or the petition under Section 1741 is appealed all the way to the Puerto Rico Supreme Court for final review. *See* Valle-Ortiz v. Puerto Rico, 2015 WL 4509529, at *2 (D.P.R. 2015).

In Cruz-Gonzalez v. Negron-Fernandez, the District Court of Puerto Rico encountered a similar scenario to the one at bar where an inmate was claiming a § 1983 violation because the DCR was not applying bonuses to his ninety-nine (99) year sentence which made him ineligible to appear before the parole board. *See* Cruz-Gonzalez, 2015 WL 1470582, at *3. The Court dismissed the complaint because plaintiff could not use § 1983 to request a reduction in his sentence. Id. Further, the Court noted that plaintiff had

failed to exhaust state remedies as a writ of certiorari regarding the same claim was still under review by the Puerto Rico Supreme Court when he filed his federal § 2254 petition. Id. at 6. Thus, he was precluded from filing a § 2254 petition until he exhausted *all* available remedies. Id.

This District reached a similar conclusion in Contreras v. Commonwealth of Puerto Rico when it issued a *sua sponte* dismissal of an inmate's § 1983 complaint after determining that he was really requesting relief under a habeas petition. *See* Contreras, 2019 WL 137120, at *1. Accordingly, "[d]espite being labeled as a Section 1983 cause of action, **the substance of [the] claim - and not its name or title - controls**." Id. (emphasis added). The Contreras Court held that even when construing the plaintiff's petition as one pursuant to § 2254, the plaintiff had not brought suit in a state court and had failed to exhaust state remedies. Id. Moreover, Plaintiff had already filed *three* previous writs of habeas related to the same claims of actual innocence and ineffective counsel at issue before the Court. Id.

As in the above-referenced cases, although Martell-Rodriguez's claim alludes to a violation of § 1983, it is really a claim under § 2254 and must be reviewed as such. A review under the § 2254 mechanism however shows that Plaintiff failed to exhaust state remedies. (Docket No. 3). In his *Complaint*, Plaintiff only states that he filed a *Mandamus* before the Court of First Instance

and that his case was subsequently dismissed. (Docket Nos. 3 at 2-3; 12-2 at 3, certified translation of Judgment in Case J PE2015-0588 at Docket No. 17-2 at 3). Yet, there is no evidence on record that he filed an appeal to the Court of First Instance's adverse decision. The Department of Justice emphasized this in its *Motion to Dismiss*. (Docket No. 12 at 10-11). Thus, Plaintiff did not comply with the exhaustion requirement before filing his § 2254 petition. Given that exhaustion of available judicial state remedies is mandatory under § 2254, Martell-Rodriguez's failure to exhaust requires dismissal of the present case.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Motion to Dismiss* (Docket No. 12) **dismissing without prejudice** Plaintiff's claim as to codefendants Erik Rolón-Suárez, Wanda Vázquez-Garced and Alejandro Colón-López. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of September 2020.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge